IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAWRENCE DOUGHTY,       § | |
|     Plaintiff,       § | |
| § | |
| v.       § | Civil Action No. 3:13-CV-4404-N-BK |
| § | |
| J.P. MORGAN CHASE BANK, N.A. &       § | |
| BLTREJV3 DALLAS LLC,       § | |
|     Defendants.       § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The Court now considers Defendant J.P. Morgan Chase Bank, N.A.'s *Motion to Dismiss for Failure to State a Claim* [Doc. 5] and Defendant BLTREJV3 Dallas LLC's *Motion to Dismiss for Failure to State a Claim* [Doc. 7]. For the reasons that follow, it is recommended that the motions to dismiss be **GRANTED**.

### I.   BACKGROUND

This case stems from the foreclosure of Plaintiff's real property located at 1010 Sanders Drive, Duncanville, Texas 75137 (the "Property"). Defendant BLTREJV3 Dallas LLC ("BLT") previously filed a forcible entry detainer action against Plaintiff in Dallas County Justice Court, in which judgment was granted for BLT on August 13, 2013. [Doc. 7-2 at 1]. On October 15, 2013, Plaintiff filed his *Verified Temporary Restraining Order & Order Setting Hearing for Temporary Injunction* ("Petition") [Doc. 1-5] in state court without the assistance of counsel. In it, Plaintiff avers that he has not been able to contact the original lender about a final notice he received for a Writ of Possession relating to the forcible entry detainer, issued October 11, 2013. [Doc. 1-5 at 3, 8]. His complaint liberally construed, further alleges that his home was wrongfully foreclosed upon and that he entered into an unlawful agreement due to Defendants'

1

fraud. [Doc. 1-5 at 3]. In support of his request for equitable relief, Plaintiff states that (1) he will suffer immediate and irreparable injury if the Writ of Possession is not rescinded, (2) no adequate remedy exists at law, (3) his potential injury outweighs any injury to Defendants, and (4) an injunction would not disserve the public interest. [Doc. 1-5 at 3].

The state court issued a temporary restraining order on October 15, 2013, and set a hearing on the matter for November 4, 2013. [Doc. 1-8 at 2–3]. Defendant J.P. Morgan Chase Bank, N.A. ("J.P. Morgan") removed the case to this Court on November 1, 2013, asserting diversity jurisdiction. [Doc. 1]. BLT consented to the removal. [Doc. 1-14]. J.P. Morgan filed its motion to dismiss for failure to state a claim [Doc. 5] on November 8, 2013, and BLT filed its motion to dismiss [Doc. 7] on November 20, 2013.[1]

## II.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)

---

[1] While both motions were pending, Plaintiff filed nearly identical petitions in state court on January 31, 2014 [Doc. 1-5, No. 14-CV-0563], February 20, 2014 [Doc. 1-5, No. 14-CV-1081], and March 4, 2014 [Doc. 1-6, No. 14-CV-1251]. Those actions were removed to this Court on February 13, 2014, March 26, 2014, and April 8, 2014, respectively. The Court issued orders consolidating the three cases in this cause on February 28, 2014 [Doc. 10], April 3, 2014 [Doc. 12], and April 9, 2014 [Doc. 15], and thus considers Defendants' motions to dismiss with respect to all of Plaintiff's petitions.

(quotation omitted).  Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

    While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Also, when considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### III.  DISCUSSION

**A.  Wrongful Foreclosure**

    J.P. Morgan argues that Plaintiff's wrongful foreclosure claim fails because he has not alleged any of the elements of the claim.  [Doc. 5 at 3].  Plaintiff responds with an affidavit filled with unintelligible legal terms and a "demand to cease and desist."  [Doc. 6 at 6].

    To state a claim for wrongful foreclosure, a plaintiff must allege (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008).  As J.P. Morgan points out, Plaintiff's only allegation related to wrongful foreclosure is his statement that "Plaintiff [sic] home has been wrongfully foreclosed . . . ."  [Doc. 1-5 at 3].  Plaintiff does not reference any of the elements of

a wrongful foreclosure claim or tie any factual allegations to such a claim. Therefore, this cause of action is subject to dismissal.

**B.  Fraud**

Defendants aver that Plaintiff has not presented a case for common law fraud. [Doc. 5 at 4–5; Doc. 7 at 5–6]. Under Texas law, the elements of fraud are: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Additionally, under Federal Rule of Civil Procedure 9(b), a plaintiff must "state with particularity the circumstances constituting fraud or mistake." In the Fifth Circuit, "[p]leading fraud with particularity . . . requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). These heightened pleading requirements apply equally to state law claims of fraud. *Id.*

Here, Plaintiff has not only failed to meet the heightened pleading requirements to allege fraud, but has failed to plead *any* of the elements of fraud. Plaintiff's conclusory allegation that he "entered in a [sic] unlawful agreement under duress under hardship by fraud" is not sufficient to overcome Defendants' motions. [Doc. 1-5 at 3]; *see Collins*, 224 F.3d at 498. Accordingly, Plaintiff's claim for fraud and misrepresentation is subject to dismissal.

### C. Negligent Misrepresentation

BLT argues that, assuming Plaintiff intended to allege negligent misrepresentation, he provides no basis in law or fact to support such an allegation. [Doc. 7 at 6]. A claim for negligent misrepresentation consists of four elements under Texas law: (1) the defendant made a representation in the course of his business or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.24 (Tex. 2002). Plaintiff's bare mention of the word "misrepresentation" without any substantiation does not state a plausible claim. Accordingly, to the extent Plaintiff has attempted to raise a negligent misrepresentation cause of action, it is subject to dismissal.

### D. Injunctive Relief

Defendants argue that Plaintiff has asserted no underlying cause of action upon which injunctive relief can be based and that Plaintiff is unable to show a substantial likelihood of success on the merits of his case. [Doc. 5 at 5–6; Doc. 7 at 7]. The four elements a plaintiff must establish to secure injunctive relief are: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the court does not grant the requested relief, (3) that the threatened injury outweighs any harm that will result if the injunction is granted, and (4) that the grant of injunctive relief will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). Injunctive relief is an "equitable remedy, not an independent cause of action," and there is no controversy when a court dismisses each of a plaintiff's underlying substantive law claims. *Puente v. CitiMortgage, Inc.*, No. 11-CV-2509, 2012 WL

4335997 at *7, (N.D. Tex. 2012) (Godbey, J.) (citing *Excel Mktg. Solutions, Inc. v. Direct Fin. Solutions, LLC*, No. 11-CV-0109, 2011 WL 1833022 at *4 (N.D. Tex. 2011) (Fitzwater, C.J.)).

Because Plaintiff has not stated a claim for substantive relief, his claim for injunctive relief fails.  See *Wildy v. Wells Fargo Bank, N.A.*, No. 12-CV-1831, 2013 WL 246860 at *6 (N.D. Tex. 2013) (Stickney, M.J.) (holding that where no viable claims for relief existed, the plaintiff was not entitled to injunctive relief).  Furthermore, to the extent that Plaintiff is challenging the Writ of Possession issued to evict him from the Property, he has an adequate remedy at law from an improper eviction judgment — a direct appeal of the Justice Court's decision.  See *Preston v. Seterus, Inc*., No. 12-CV-2395, 2012 WL 3848122 at *3 (N.D. Tex. 2012) (Lindsay, J.) (explaining that the Texas Rules of Civil Procedure "contain procedures by which [Plaintiff] can delay execution of and appeal a judgment by the Justice Court as to possession" of real property); Doc. 7-2 at 1.

In any event, this Court is without jurisdiction to vacate the Writ of Possession.  See Doc. 1-5 at 3 (Plaintiff's petition requesting "immediate rescission of forcible entry, detainer and immediate rescission of the writ of possession").  By virtue of the *Rooker-Feldman* doctrine,[2] "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts."  *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)).  Errors in state cases should be reviewed and settled through the state appellate process.  *Rooker,* 263 U.S. at 415.  The United States Supreme Court, through a writ of certiorari, is the only federal court permitted

---

[2]  This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

to review state court decisions. *Weekly*, 204 F.3d at 615. Thus, injunctive relief is not available to Plaintiff.

## IV. LEAVE TO AMEND

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000); *see also Brown v. Texas A&M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so."). As previously mentioned, Plaintiff is proceeding without the assistance of counsel and he has not previously been granted leave to amend. Thus, before dismissing his claims, Plaintiff should be given the opportunity to amend his complaint to allege specific facts or occurrences that remedy the foregoing deficiencies in his claims for wrongful foreclosure, fraud, misrepresentation, and injunctive relief. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified).

## V. CONCLUSION

Accordingly, Plaintiff is granted until **April 24, 2014**, to amend his complaint to allege a viable claim, if any, against Defendants.[3] If Plaintiff fails to do so, Defendants' motions to

---

[3] Plaintiff is advised that an amended complaint will take the place of his original complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect"). Thus, Plaintiff's amended

7

dismiss should be **GRANTED**, and all of Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

 **SO RECOMMENDED** on April 10, 2014.

                 _____
                 RENÉE HARRIS TOLIVER
                 UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL OR OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                 _____
                 RENÉE HARRIS TOLIVER
                 UNITED STATES MAGISTRATE JUDGE

---

complaint, if any, must state *all* of his claims.